**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, a Michigan corporation,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **2:10-cv-01055 JWS** |
| **vs.** | ) ) | **ORDER AND OPINION** |
| **AKH COMPANY, INC., a California corporation,** | ) ) ) | **[Re: Motion at Docket 13]** |
| **Defendant.** | ) ) ) | |

_____

**I.  MOTION PRESENTED**

At docket 13, defendant AKH Company, Inc. ("AKH") moves the court to transfer this action from the District of Arizona to the Central District of California pursuant to 28 U.S.C. § 1404(a).  At docket 21, plaintiff The Reinalt-Thomas Corporation d/b/a Discount Tire ("Reinalt-Thomas") opposes the motion.  AKH replies at docket 24.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND

 Reinalt-Thomas, which does business as Discount Tire, is a Michigan corporation with its principal place of business in Scottsdale, Arizona.  Reinalt-Thomas "employs more than 12,000 people and operates 778 stores in 22 states."[1]  Reinalt-Thomas also sells tires and wheels under the domain www.discounttire.com.[2]  Reinalt-Thomas is the exclusive licensee of the federal registration for the "Discount Tire" mark.

 AKH is a California corporation with its principal place of business in Anaheim, California.  AKH operates tire stores under the name "Discount Tire Centers."  All of AKH's tire stores are located in California and Oregon.  AKH has 43 Discount Tire Centers stores and approximately 380 employees in the counties that make up the Central District of California.  AKH does not have any stores or employees in Arizona.  AKH owns and operates a web site under the domain www.discounttires.com.  The website is operated out of Anaheim.

 In 1990, AKH sued Reinart-Thomas's subsidiary, Southern California Discount Tire Company, Inc. ("SCDT"), for trademark infringement in Superior Court for the County of Riverside in California.  SCDT is a California corporation.  In 1991, the parties settled the case and executed a settlement agreement.  In the settlement agreement, the parties agreed that "in all business areas in which AKH has used the trade name, service mark 'Discount Tire Center', 'Discount Tire Distributors', and/or 'Discount Tire Stores' prior to [SCDT's] entry into the market, [SCDT] will use the trade name/service

---

[1]Doc. 9 at p. 7.

[2]*Id.* at p. 2.

mark 'America's Tire Co.'"[3]  The parties also agreed that "in all areas where [SCDT], its parent Reinalt-Thomas Corp., and any subsidiary or affiliated company, have used the trade name/service mark 'Discount Tire Co.' prior to AKH's entry into the market, they will use the name 'Evans Tire' or such other name as AKH may herein adopt," provided the name is not substantially similar to SCDT's marks "Discount Tire Co." or "America's Tire Co."[4]

The settlement agreement further provided,

> The parties agree that their use of their corporate identification phrases in areas in which the other party has previously established a common law use of the name "Discount Tire" or which is covered by a federal registration will be restricted to use on sales, receipts, warranty cards, warranty contracts, and other materials provided directly to customers who have purchased their products and shall not be used in advertising, promotional, or public relations materials which are designed to attract new customers.[5]

In addition, the settlement agreement stated that the "Court shall retain jurisdiction over the parties, and shall be empowered and authorized by the parties to enforce the terms of this Settlement Agreement," and that each party "releases, waives, discharges and forgives any claim, known or unknown, which they may have against the other, arising out of the facts or circumstances that form the basis of this action."[6]

On September 8, 2010, Reinalt-Thomas filed a complaint against AKH in United States District Court, District of Arizona, alleging claims of trademark infringement under 15 U.S.C. §§ 1125(a), 1125(c), and 1114, cybersquatting in violation of 15 U.S.C. §

---

[3]Doc. 13-3 at p. 8.

[4]*Id.* at p. 9.

[5]*Id.* at p. 10.

[6]*Id.* at p. 10.

1125(d), common law trademark infringement, and trademark dilution in violation of A.R.S. § 44-1448.01.  Reinalt-Thomas's amended complaint alleges that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because AKH has used www.discounttires.com to "sell tires to Arizona consumers and to ship tires and wheels to consumers located in Arizona."[7]

On October 22, 2010, AKH filed a complaint against Reinalt-Thomas and its subsidiary, SCDT, in United States District Court, Central District of California.[8]  AKH's complaint alleges claims for breach of contract, unfair competition in violation of Section 17200 of the California Business and Professions Code, trademark infringement under 15 U.S.C. § 1125(a), and common law trademark infringement.

AKH requests the court to transfer this action to the Central District of California "for the convenience of the parties and witnesses and in the interest of justice" pursuant to 28 U.S.C. § 1404(a).  Reinalt-Thomas opposes the motion.

### III.  DISCUSSION

AKH moves to transfer this matter to the District of Oregon pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "Under § 1404(a), the district court has

---

[7]Doc. 9 at p. 2.

[8]Doc. 24-1.

-4-

discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"[9]  A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in determining whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.[10]

The first factor, the location where the relevant agreements were negotiated and executed, favors transfer because it is arguable that the settlement agreement negotiated and executed by the parties in California may have some bearing on the claims in this action, as well as on the claims in the action filed by AKH in California. The second factor, the state that is most familiar with the governing law, is neutral because most of the claims alleged in this action are federal claims.  As for the one claim under A.R.S. § 44-1448.01, either the district court in Arizona or the district court in California would be able to evaluate Reinalt-Thomas's claim and apply the relevant statute.

The plaintiff's choice of forum favors Arizona.  The parties' contacts with the forum, however, favors transfer to California.  AKH has 43 Discount Tire Centers stores and approximately 380 employees in Central California.  AKH has no contacts with

---

[9]*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[10]*Id.* at 498-499.

Arizona other than operating a web site that is accessible to Arizonans, as well as everyone else over the internet.  On the other hand, Reinalt-Thomas has substantial contacts with California, including stores and employees in California.  In addition, Reinalt-Thomas is engaged in direct marketing activities in California using the mark Discount Tire.[11]  The contacts relating to the plaintiff's cause of action in the chosen forum is neutral because all of Reinalt-Thomas's claims concern AKH's online use of a variation of "Discount Tire" on its website www.discounttires.com.

The parties do not present any evidence concerning differences in the costs of litigation in the two forums.  However, it is arguable that the relative financial burden would be greater for AKH to litigate in Arizona where it does not have any physical contacts, than it would be for Reinalt-Thomas to litigate in California where it already has an active business presence.  Compulsory process is available to compel attendance on unwilling non-party witnesses in both forums and thus is neutral.

The final factor - ease of access to sources of proof - favors transfer to California. Although Reinalt-Thomas contends that all of its employees with relevant knowledge are located in California, AKH's employees with relevant knowledge are in California.  This evenly balanced scale tips toward California because the parties' agreement concerning the use of the trade names "Discount Tire Centers," "Discount Tire Stores," Discount Tire Distributors," "Discount Tire Co.," and "America's Tire Co." was litigated, negotiated, and executed in California.  In addition, Reinalt-Thomas's claims against AKH involve AKH's use of the web site domain www.discounttires.com, a website which

---

[11]Doc. 13-3 at pp. 4-5.

is operated out of Anaheim, California.  On balance, the convenience of parties and witnesses and the interest of justice weigh in favor of transfer to the Central District of California, a district where this action might have been brought.  Accordingly, the court will grant AKH's motion to transfer venue.

### IV.  CONCLUSION

For the reasons set out above, defendant AKH's motion to transfer venue at docket 13 is **GRANTED**, and this action and all pending motions are transferred to the United States District Court, Central District of California.

DATED this18th day of November 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE